Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
FELILA TONGA ESIKIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FELILA TONGA ESIKIA,<br><br>        Plaintiff,<br><br>    v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; MICHAEL DOUGLAS KAHN, individually and in his official capacity,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, FELILA TONGA ESIKIA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

---

[1] Cal. Civil Code § 1788.1(a)(1).

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III.  VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

### V.  PARTIES

8. Plaintiff, FELILA TONGA ESIKIA (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, Third Floor, San Diego, California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond A. Patenaude, Agent for Service of Process, 4545 Murphy Canyon Road, Third Floor, San Diego, California 92123-4363. The principal business of P&F is the collection of defaulted

consumer debts using the mails and telephone and P&F regularly attempts to collect defaulted consumer debts alleged to be due another. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, MICHAEL DOUGLAS KAHN (hereinafter "KAHN"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of P&F at all relevant times. KAHN may be served at his current business address at: Michael Douglas Kahn, Patenaude & Felix, APC, 4545 Murphy Canyon Road, Third Floor, San Diego, California 92123-4363. The principal purpose of KAHN's business is the collection of defaulted consumer debts due or alleged to be due another. KAHN is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. KAHN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

**VI. FACTUAL ALLEGATIONS**

12. On or about March 1, 2004, Plaintiff incurred a financial obligation, namely a consumer credit account issued by HSBC Card Services (III), Inc. (hereinafter "the debt"). The debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges, that on or about October 30, 2008, the debt was sold, assigned, or otherwise transferred from HSBC Card Services (III), Inc., to First Financial Investment Fund II, LLC, for collection from Plaintiff.

14. Plaintiff is informed and believes, and thereon alleges, that on or about October 30, 2008, the debt was sold, assigned, or otherwise transferred from First Financial Investment Fund II, LLC, to The Bureaus Investment Group Portfolio No. 15, LLC, for collection from Plaintiff.

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

16. On or about August 13, 2013, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, San Mateo County captioned *Bureaus Investment Group Portfolio No. 15, LLC, Assignee of HSBC Card Services, Inc. v. Felila Esikia, et al.*, Case No. CLJ-523384 (hereinafter the "*Bureaus v. Esikia* complaint"), which sought to collect $1,699.48 in damages.

17. A true and accurate copy of the *Bureaus v. Esikia* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18. The *Bureaus v. Esikia* complaint (Exhibit "1") stated as follows:

> Plaintiff (name): BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC, ASSIGNEE OF HSBC CARD SERVICES, INC. alleges that defendant (name): FELILA ESIKIA became indebted to other (name): Plaintiff's assignor, HSBC CARD SERVICES, INC. within the last four years because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff's assignor.
>
> . . .
>
> This cause of action is based upon account number XXXXXXXXXXXX5136 for the sum by which Defendant has been unjustly enriched by virtue of Defendant receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed. It is inequitable for Defendant to retain such benefits without repaying Plaintiff or Plaintiff's assignor for the value thereof.

19.     As a result of the *Bureaus v. Esikia* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense thereby incurring actual damages in the form of attorney fees and costs.[2]

20.     Plaintiff is informed and believes, and thereon alleges that the last charge on the debt was made by Plaintiff on March 7, 2008.

21.     Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by HSBC Card Services (III), Inc., on March 8, 2008.

22.     HSBC Card Services (III), Inc.'s claims against Plaintiff accrued more than four years prior to the filing of the *Bureaus v. Esikia* complaint (Exhibit "1").  "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[3]

23.     The *Bureaus v. Esikia* complaint (Exhibit "1") misrepresented the character and legal status of the debt.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**
**(Against All Defendants)**

25.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt

---

[2] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

[3] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

26. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

27. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

28. Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29. Defendant, KAHN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

31. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   b. Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   c. Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

32. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

33. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C.

§ 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against P&H Only)

34. Plaintiff brings the second claim for relief against Defendant, P&F, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

36. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

37. Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

39. Defendant, P&F, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. P&F made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[4]

    b. P&F misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[5] and

    c. P&F attempted to collect a consumer debt that was known by P&F to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[6]

40. Defendant, P&F's, acts as described above were done willfully and knowingly

---

[4] 15 U.S.C. §§ 1692e and 1692e(10).
[5] 15 U.S.C. § 1692e(2)(A).
[6] 15 U.S.C. §§ 1692f.

with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

41. As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

42. As a result of P&F's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

43. As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[7]

44. As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

45. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c) Declare that Defendant, P&F, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

---

[7] 15 U.S.C.§ 1692k(a)(2)(A).
[8] 15 U.S.C.§ 1692k(a)(3).

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[9]

h) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
FELILA TONGA ESIKIA

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, FELILA TONGA ESIKIA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.